

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

August 13, 1976

The Honorable John E. Fitzgibbon
Webb County Attorney
P. O. Box 577
Laredo, Texas   78040

Opinion No. H- 863

Re:   Use of comparable
sales in assessing value
of land used for agri-
cultural purposes.

Dear Mr. Fitzgibbon:

You explain that Webb County is undertaking a project
to reevaluate and reappraise all property in the county.
You ask:

> In assessing agriculture and ranching land,
> should the tax assessor look at comparable
> sales of land in use and to be in use for
> agriculture, farming and ranching purposes
> along with other agriculture use factors,
> and if comparable sales are to be considered,
> is such compatible with Section 1-D of
> Article VIII of the Texas Constitution?

First, it is well to note that agricultural land is
evaluated and assessed in the same manner and on the same
basis as other property unless the owner has timely invoked
the provision of section 1-d, article 8 of the Texas Con-
stitution, and has shown in a proper administrative or judicial
proceeding that the agricultural use of the land is the business
which constitutes his primary occupation and his primary
source of income.  The elements of such proof are discussed
in the very recent case of Gragg v. Cayuga Ind. Sch. Dist.,
19 Tex. Sup. Ct. J. 347 (June 16, 1976). Unless the special
Constitutional provision is applicable, then the general
taxation section, article 8, section 1, controls.  It reads
in pertinent part:

> Taxation shall be equal and uniform. All
> property in this State, whether owned by
> natural persons or corporations, other than
> municipal, shall be taxed in proportion
> to its value, which shall be ascertained
> as provided by law.

This provision has been interpreted as requiring that assessed valuations be arrived at on the basis of reasonable cash market value. Whelan v. State, 282 S.W.2d 378 (Tex. Sup. 1955).

The special provision regarding agricultural land reads, in part:

> All land owned by natural persons which is
> designated for agricultural use in
> accordance with the provisions of this
> Section shall be assessed for all tax
> purposes on the consideration of only
> those factors relative to such agricultural
> use. Tex. Const. art. 8, § 1-d.

We do not believe this provision requires that assessed valuations of property designated as agricultural lands be arrived at on a basis different from "reasonable cash market value" except to the extent that it requires the assessor to assume that the highest and best use of the land is an agricultural use. We ascertain nothing in the constitutional language that would prevent an assessor from considering sales of comparable land similarly used (and to be used) to help in arriving at a proper valuation.

In King v. Real, 466 S.W.2d 1 (Tex. Civ. App. -- San Antonio 1971, writ ref'd n.r.e.) an attack was made on certain "agricultural use" valuations which were based on actual market value, using recent comparable sales (adjusted to recognize any non-agricultural use factors) as a measure. In rejecting the attack, the San Antonio Court of Civil Appeals said:

We do not think the adoption of the Agricultural Use Amendment completely changes accepted methods of valuation of property. The Agricultural Use Amendment does no more than require that agricultural use valuation be based on the assumption that the land can be used only for agricultural purposes. Stated differently, in valuing agricultural land for tax purposes, it must be assumed that agricultural use represents the highest and best use to which the land can be put. The possibility that the land can reasonably be put to a higher use which would increase its value must be ignored. Id. at 7.

Accordingly, we answer your questions in the affirmative.

### S U M M A R Y

Comparable sales of land used for agricultural purposes, if available and if truly reflective of agricultural use factors, should be utilized by the tax assessor, along with other agricultural use factors, in valuing land pursuant to the Agricultural Use Amendment of the Texas Constitution.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb